## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN  DIVISION

In the Matter of:                                    Case No. 24-54305

Open Arms Health Systems LLC                 Chapter 11
                                                     Subchapter V


                         Debtors                     Judge Mina Nami Khorrami


## APPLICATION BY OPEN ARMS HEALTH SYSTEMS LLC FOR AUTHORITY TO RETAIN AND EMPLOY ISAAC WILES & BURKHOLDER, LLC AS COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE DATE OF THE FILING OF THE DEBTOR"S CASE


Open Arms Health Systems LLC ("Debtor"), the Debtor and Debtor in Possession in this Chapter 11 case ("Debtor's Case") applies ("Application") pursuant 11 U.S.C. §§ 105 and 327, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1, for an order ("Employment Order") substantially in the form attached as **Exhibit A** authorizing the retention and employment of Isaac Wiles & Burkholder LLC ("IW" or the "Firm") as counsel for Debtor and Debtor in Possession in the Debtor's Case. effective as of the date of the filing of the Debtor's Case

In support of this Application, Debtor (i) submits the Declaration of David M. Whittaker, ("Whittaker Declaration"); which is attached to this Application as **Exhibit B** and incorporated herein by reference and (ii) makes the following statements and representations:

## I.    JURISDICTION AND BACKGROUND INFORMATION

1.    This Court has jurisdiction over the Debtor's Case and  this Application under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this District.  Venue of the Debtor's Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The Debtor filed the Debtor's Case on October 25  2024 ("Petition Date"). The Debtor elected to file the Case as a Subchapter V pursuant to the provisions of 11 USC § 1181 et. seq. The Debtor is operating its business pursuant to the provisions of 11 USC § 1184. M. Colette Gibbons has been appointed as the Subchapter V Trustee pursuant to 11 USC § 1183

3.      The Debtor is an Ohio Limited Liability Company that was established in 2011. Christopher Allison ("Allison") is the sole member of the Debtor and is the manager of the Debtor's business. The Debtor's business is to assist individuals with developmental disabilities ("Clients"). The target age for Clients is between 18 and 65 years old.  The Debtor states that it is not a Health Care Business as defined by 11 USC § 101(27A).

4.      The types and scope of the services provided by the Debtor have grown over time. The Debtor has created many programs to help fill the needs of its Clients. Currently the services provided by the Debtor include in-home residential care, activity-based community engagement, vocational education and training, and recreationally based outings and events. Since its inception the Debtor has provided services for over one thousand individuals. Some of them have been Clients from the beginning and are still Clients today. The Debtor operates in Columbus, OH and in Mansfield, OH.

5.      The economic factors that lead to filing this Case are familiar to the Court because they stem from the impact of Covid. Pre-Covid, the Debtor grossed nearly 4 million dollars in 2019. The Debtor was thriving, expanding, and cultivating new programs to keep up with the demand. In 2019 the Debtor was serving approximately 300 Clients. When the shutdown of Covid hit.  During Covid the Debtor's business was among one of the first industries to be shut down and was among one of the last to re-open. In all, the Debtor did not operate for a period of six months.  A PPP Loan from the SBA did not sufficiently cover all the operating expenses that the Debtor incurred during that six-month period. For various reasons the Debtor lost many of its Clients during Covid. It is operating today at about 40% of its

Client census in 2019. The lack of revenue during that six-month period created a financial hole that has stayed with Debtor ever since then. The Debtor's financial factors have also been negatively affected by increases in its operating costs. The Debtor's revenue is primarily[1] from Medicaid and Medicare and the increases in reimbursements from Medicaid and Medicare have not kept up with the increase in operating expenses.

6.      While Covid created serious problems for the Debtor, it also created opportunities. Many of the Debtor's competitors did not survive Covid and went out of business. Fewer competitors gave the Debtor a larger pool of prospective Clients. Allison decided in the summer of 2021 to have the Debtor purchase a 40,000-square-foot building in Mansfield, OH. The goal of the purchase of the building was to give the Debtor more operating space to serve more Clients and to offer expanded services to Clients. Allison also hoped the Debtor would be able to rent out a part of the building to create rental income. The building needed renovation to meet the needs of the Debtor. The contractor estimated it would take six months to complete the renovation.  The renovation of the building had cost increases of approximately $200,000   that the Debtor had to pay from its cash flow. On top of that the Debtor had to pay mortgage payments owed to First Federal Community Bank ("First Federal"). The building was never finished because the Debtor could not cover the demands by the contractor for additional payment. So, what seemed to be a great opportunity to expand the Debtor's business in Mansfield became a money pit that drained the Debtor's cash flow. The Debtor could not pay all its operating expenses, its mortgage payments to First Federal, and its loan payments to Byline Bank (the Debtor's lead secured lender for equipment and operating line of credit). First Federal filed a foreclosure case regarding the building in Mansfield. Byline Bank filed a lawsuit on its loans. These events meant that the only way the Debtor would remain in business was by the filing of this Case to attempt to restructure its debts.

---

[1] The Debtor does receive some income from companies it contracts with for its Clients to perform work.

7.      The Debtor is filing this Application for the purpose of retaining IW as counsel for representation of Debtor in the Debtor's Case so IW can assist the Debtor in the Chapter 11 process and in the restructuring of its debts.

## II.   STANDARD FOR RETENTION

8.      A debtor in possession, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's [or debtor in possession's] duties under this title.

11 U.S.C. § 327(a).

9.      Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1 set forth the requirements for an application seeking authority to employ a professional under 11 U.S.C. § 327(a).  In any such application, the applicant must:

   a. show that the employment is necessary and describe the reasons for selecting the professional, Fed. R. Bankr. P. 2014(a);

   b. describe the professional services to be rendered, *id.*;

   c. describe the proposed arrangement for compensation of the professional, *id.*;

   d. disclose any connections of the professional to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, *id.*;

   e. disclose the professional's customary and proposed hourly rates, LBR 2014-1(b)(1);

   f. disclose the amount, date paid, and source of any fees paid to the professional from a period of one (1) year prior to the filing of the petition through the time of the application, LBR 2014-1(b)(2)

   g. disclose the amount, date paid, and source of any retainer sought or received by the professional within such period, LBR 2014-1(b)(3).

10.     In addition to the above, the application must also be accompanied by an affidavit or verified statement of the person to be employed:

a. setting forth the professional's connections with the debtor, the trustee, any creditors, any equity security holder of the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee, Fed. R. Bankr. P. 2014; LBR 2014-1(c)(1);

b. establishing the lack of any adverse interest to the estate, LBR 2014-1(c)(2); and

c. establishing that the proposed employment is not prohibited by or improper under Federal Rule of Bankruptcy Procedure 5002, LBR 2014-1(c)(3).

## III.   RETENTION AND EMPLOYMENT OF IW

11.     Pursuant to 11 U.S.C. § 327(a), the Debtor requests the entry of an Order authorizing the Debtor to employ and retain IW, effective as of the Petition Date, to serve as Debtor's bankruptcy counsel in all phases of the Debtor's Case.

12.     Attorney David Whittaker will be the IW attorney primarily responsible for the representation of Debtor in the Debtor's Case.  Mr. Whittaker is a partner at IW and has 45 years of experience in handling commercial bankruptcy matters both for debtors and creditors, including the representation of debtors in Chapter 11 proceedings.  Mr. Whittaker has represented a variety of businesses.

13.     Mr. Whittaker may be assisted by other IW attorneys with respect to certain tasks or aspects of the Debtor's Case, but Mr. Whittaker will always retain primary responsibility for the representation of the Debtor in the Debtor's Case.

14.     Based on IW's depth of knowledge and experience in bankruptcy cases, business reorganizations, and agribusiness matters, Debtor believes that IW is well qualified to serve as its counsel and that retention of IW is in the best interests of Debtor and the bankruptcy estate.  IW has indicated a willingness to act as attorneys on Debtor's behalf.

15.     The professional services to be rendered by IW include the following:

a. advising the Debtor with respect to its rights, powers and duties as debtor in possession;

b. advising and assisting the Debtor in preparing all necessary applications, motions, answers, orders, reports, schedules and other legal documents required in connection with the administration of the Debtor's Case;

c. attending meetings and negotiating with representatives of creditors and other parties in interest;

d. taking all necessary action to protect and preserve Debtor's bankruptcy estate, including, without limitation, prosecuting any actions on Debtor's behalf and defending any actions commenced against the Debtor;

e. advising the Debtor concerning, and assisting in the negotiation and documentation of, the refinancing or sale of assets; debt and lease restructuring; executory contract and unexpired lease assumptions or rejections; and related transactions;

f. counseling and representing the Debtor regarding actions it might take to collect and recover property for the benefit of the bankruptcy estate;

g. reviewing the nature and validity of liens asserted against Debtor's property and advising the Debtor concerning the enforceability of such liens;

h. assisting the Debtor in formulating, negotiating and obtaining confirmation of a plan of reorganization and preparing related documents, including a disclosure statement, if required: and

i. performing other legal services for and on behalf of the Debtor as may be necessary or appropriate.

16.     It is necessary and essential that the Debtor, as debtor in possession, employ and retain IW to provide the foregoing professional services.

17.     All attorneys who will appear in the Debtor's case are duly admitted in the United States District Court and Bankruptcy Court for the Southern District of Ohio and are willing and able to serve as counsel for Debtor.

18.     IW will charge Debtor for its services on an hourly basis.  IW has informed Debtor that it will charge a discounted composite hourly rate that is collectively lower than the rates that would be charged if all IW attorneys billed at their ordinary and customary hourly rates. The proposed rates of compensation are as follows:

| IW Attorney/Legal Assistant | Standard Hourly Rate | Proposed Hourly Rate |
|---|---|---|
| David Whittaker, Partner | $360-$500 | $360 |
| Other Attorneys | Various | No more than $360 |
| Legal Assistant | $75 | $50 |

In addition, any travel time outside of Columbus will be billed at one-half of the Proposed Hourly Rates.

19.    The Debtor further requests that IW be reimbursed for its necessary expenses incurred in conjunction with the representation of Debtor at actual cost, except that copying charges will be at the rate of 15 cents per page and mileage will be reimbursed at the applicable IRS rate.

20.    The Debtors and IW understand that IW's compensation and reimbursement of expenses in the Debtor's Case are subject to Court approval in accordance with 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016.  The Debtor further understands and agrees that IW may file interim applications for the allowance and payment of fees and expenses in compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any orders of this Court. The Debtor is also aware that IW may request the Court to enter an order authorizing periodic interim payments during the Debtor's Case. The Debtor consents to the terms for periodic interim payments to IW.

21.    IW received the following funds from or relating to Debtor or the Debtor's Case within the period of one year prior to the Petition Date.

| Amount | Date | Payor | Disposition of Funds |
|---|---|---|---|
| $8,000.00 | 10/16/24 | Christopher Allison | Deposited in IW Trust Account |
| $3,738.00 | 10/21/2024 | Debtor | Deposited in IW Trust Account |

22.     IW invoiced and paid from its Trust Account  the sum of $6,738.00 on October 25, 2024, prior to the filing of the Debtor's Case. The invoice was for $5,000.00 in attorney fees and for the $1,738.00 filling fee for the Debtor's Case. IW is holding the sum of $5,000.00 in its Trust Account.

23.     The Debtor submits that, to the best of its knowledge, IW does not hold or represent any interest adverse to the bankruptcy estate as required by 11 U.S.C. § 327(a); that IW is a "disinterested person" as defined in 11 U.S.C. § 101(14); that IW is neither related to nor connected with a judge of the U.S. Bankruptcy Court for the Southern District of Ohio or for the U.S. District Court for the Southern District of Ohio; and that IW is not affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

24.     The Debtor believes that the employment of IW is proper under and satisfies the provisions of Federal Rule of Bankruptcy Procedure 5002.

25.     Other than as set forth herein or in the Whittaker Affidavit, to the best of Debtor's knowledge, IW has no connection, past or present, with Debtor, any of Debtor's creditors, the Subchapter V Trustee, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except that attorney David Whittaker is a member of the  panel of Chapter 7 Trustees appointed and overseen by the United States Trustee. The Debtor has been advised by IW that Mr. Whittaker's status as a member of the panel of Chapter 7 Trustees does not create a conflict or a reason why IW cannot represent the Debtor in the Debtor's Case

## IV.  CONCLUSION

For the foregoing reasons, the Debtor submits that the employment of IW as counsel for Debtor is appropriate under 11 U.S.C. § 327, Federal Rule of Bankruptcy Procedure 2014,

and Local Bankruptcy 2014-1.  The Debtor therefore respectfully requests that the Court enter

an order (1) authorizing Debtor to employ and retain IW as counsel for Debtor, effective as of

the Petition Date; and (2) granting such further relief as is just and proper.

Respectfully submitted,

Open Arms Health Systems LLC

By: /s/ Christopher Allison_____
Christopher Allison CEO
Dated: December 13, 2024

## NOTICE OF APPLICATION BY OPEN ARMS HEALTH SYSTEMS LLC TO EMPLOY ISAAC WILES & BURKHOLDER, LLC AS COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION

Notice is given that Open Arms Health Systems LLC has filed an Application to Employ

Isaac Wiles & Burkholder, LLC as Counsel for Debtor and Debtor in Possession in the Debtor's

Chapter 11 case.

**Your rights may be affected.**  You should read these papers carefully and discuss

them with your attorney, if you have one in this bankruptcy case.  If you do not have an

attorney, you may wish to consult one.  If you do not want the Court to approve the Application

or if you want the Court to consider your views on the Application, **then on or within 21 days

of the date of set forth in the certificate of service for the Application**, you must file with

the court a response explaining your position by mailing your response by regular U.S. Mail

to Clerk, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215, or

your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the deadline described above.

You must also mail a copy to or serve a copy by the Court's ECF system on:

David M. Whittaker Esq.
Isaac Wiles & Burkholder LLC
Two Miranova Place, Suite 700
Columbus, OH 43215

Office of the U.S. Trustee
170 N. High Street, Suite 200
Columbus, OH 43215

If you or your attorney do not take these steps, the Court may decide that you do not

oppose the relief sought in the Application and may enter an Order granting that relief without

further notice or hearing.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing *Application to Employ Isaac Wiles & Burkholder, LLC as Counsel for Debtor and Debtor in Possession* was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on December 13 2024, addressed to all parties on the attached creditor list from the Debtor's Case.

/s/ David M. Whittaker
David M. Whittaker Esq.
Proposed Counsel for Debtor and
Debtor in Possession

Label Matrix for local noticing
0648-2
Case 2:24-bk-54305
Southern District of Ohio
Columbus
Mon Dec  2 12:21:49 EST 2024

Byline Bank
10000 W. Innovation Dr.
#110
Wauwatosa, WI 53226-4878

First Federal Community Bank
119 S. Sandusky Ave
Bucyrus, OH 44820-2220

Open Arms Health Systems LLC
868 Freeway Dr. N.
Columbus, OH 43229-5420

1st Source Bank
P.O. Box 783
South Bend, IN 46624-0783

AT&T
1900 Gallows Road
Vienna, VA 22182-3886

Alexander Miller
636 Burns Street
Mansfield, Ohio 44903-1010

Alexes Collier
5358 Yorkshire Village Lane
Columbus, OH 43232-2861

Allison Niebauer
6229 Broad Stripes Ave
Galloway, OH 43119-8025

Alvin Tolliver
53 Eastpointe Ridge Dr
Columbus, OH 43213-1591

Amber Harvey
2549 Brownfield Rd
Columbus, OH 43232-4608

American Express
1100 Superior Avenue
19th Floor
Cleveland, OH 44114-2521

American Express
PO Box 15130
Wilmington, DE 19850-5130

Amy Everhart
10809 McIntosh Rd
Pataskala, OH 43062-9302

Angela Griffith
3928 Larosa Rd
Grove City, OH 43123-2858

Armorita Griffey
1601 W Broad St
Columbus, OH 43222-1054

Arthur Williams
1230 Lamplighter Dr
Grove City, OH 43123-8170

Asst US Trustee (Col)
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417

Bethany Hamilton Esq.
Assistant United States Attorney
303 Marconi Blvd. Suite 200
Columbus, OH 43215-2840

Bre-Quil Jackson
105 W 2nd St
Mansfield, OH 44902-1919

Brian Carney
648 Pincay Pl
Columbus, OH 43230-3865

Brittany R. Fitzgibbon Esq.
Zwicker & Associates PC
4511 Rockside Road Suite 210
Independence, OH 44131-2157

Brook Blizzard
424 Pennsylvania Ave
Mansfield, OH 44905-2623

Bus Service Inc.
3153 Lamb Avenue
Columbus, OH 43219-2344

Byline Bank
Jeanna M Weaver
C/O Plunkett Cooney
716 Mt Airyshire Blvd Ste 150
Columbus OH 43235-1300

Chistopher Allison
975 Roberson Street
Columbus, OH 43201-3645

Choice Express
856 Park Avenue W.
Mansfield, OH 44906-3009

Choice Express
Attn. Lori Lewis
856 Park Avenue W
Mansfield, OH 44906-3009

Christian Allliscon
201 W Main St.
Apt C7
Mansfield, OH 44904-1150

Christopher Allison
868 Freeway Dr. N.
Columbus, OH 43229-5420

Ciaara Mabe
424 Opal Drive
Mansfield, OH 44907-1474

Cindy Stark
1977 Cliffwood Dr.
Mansfield, OH 44904-1631

Cintas Corporation
1275 Research Rd.
Columbus, OH 43230-6624

Cintas Corporation
P.O. Box 630803
Cincinnati, OH 45263-0803

(p)COLUMBIA GAS OF OHIO
ATTN REVENUE RECOVERY
PO BOX 117
COLUMBUS OH 43216-0117

Danielle Davis
2453 Meredith Dr
Columbus, OH 43219-1422

Danielle Porter
1634 Helena Dr
Mansfield, OH 44904-1817

David Kalb
804 Salisbury Rd
Columbus, OH 43204-1712

David Kemery
4486 Folkestone Ct N
Columbus, OH 43220-3703

David L. Van Slyke Esq.
Plunkett Cooney
716 Mt. Airyshire Blvd. Suite 150
Columbus, OH 43235-1300

David New
6770 Skyline Dr East
Columbus, OH 43235-2743

David Reed Jr.
1457 Demorest Rd
Columbus, OH 43228-3771

David Stacy
3847 W 135th St
Cleveland, OH 44111-4429

David Tilton
373 Lytton Way
Columbus, OH 43230-3330

Deborah Guzzo
1696 Dyer Road
Grove City, OH 43123

Demico Inman
2295 Faraday Blvd
Grove City, OH 43123-2642

Denise Jackson
6127 Chestnut Ridge Dr
Columbus, OH 43230-8311

Derek Defusco
2872 Northwest Blvd
Columbus, OH 43221-2911

Devin McMullen
1223 Crestwood Dr
Mansfield, OH 44905-1671

Diana Powell
1916 S Champion Avenue
Columbus, OH 43207-2037

Donald Kirk
2901 Brandon Rd
Columbus, OH 43221-3338

Donna Dudley
94 Tabilore Loop
Delaware, OH 43015-9167

Edgar Cochran
1625 Safford Ave
Columbus, OH 43223-1817

Edward Ryan
7691 Scofield Court
Dublin, OH 43016-8528

Emily Shasky
1977 Cliffwood Dr
Mansfield, OH 44904-1631

Faith Mission International
Attn. Glenn Mowry
1046 Lenox Avenue
Mansfield, OH 44906-1660

Felicia Wilson
563 King St.
Lancaster, OH 43130-3113

First Federal Community Bank
PO Box 749
Bucyrus, OH 44820-0749

Geneva Capital LLC
1311 Broadway Street
Alexandria, MN 56308-2533

Howard Hensley
4656 McFadden Rd
Columbus, OH 43229-6411

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101- 7346

Internal Revenue Service
PO Box 742562
Cincinnati, OH 45274-2562


James Glenn
1637 Stafford Ave
Columbus, OH 43212

James W. Pry II Esq.
Sears Pry Griebling & McBride PLL
120 N. Lane Street
Bucyrus, OH 44820-2338

Jared Smith
3631 Grant Ave
Columbus, OH 43213


Jeanna M. Weaver Esq.
Plunkett Cooney
716 Mt. Airyshire Blvd. Suite 150
Columbus, OH 43235-1300

Jeffery Finch
1637 Safford Ave
Columbus, OH 43223-1817

Jennifer Marcum
65263 Rampart Rd
Columbus, OH 43207


Jessica Sullivan
5265 Dory Ln
Columbus, OH 43235-4009

Joan Blizzard
424 Pennsylvania Ave
Mansfield, OH 44905-2623

John Gibson
1295 Norris Dr
Columbus, OH 43224-2735


John Kinsey
93 Stornoway Dr.
Columbus, OH 43213-2108

John Myers
932 Sunnyslope Dr
Apt 4
Mansfield, OH 44907

Joshua Benner
563 King St.
Lancaster, OH 43130-3113


Julia Raymond
311 Springboro Ln
Columbus, OH 43235-4662

Justin Phipps
1623 Safford Ave
Columbus, OH 43223-1817

Katie Watts
1601 Broad St
Columbus, OH 43222-1054


Ken Kelley Jr.
2877 Barclay Sq S
Columbus, OH 43209-1119

Kenneth Williams
4607 Wingate Rd
Columbus, OH 43232-6147

Kerri Myers
4705 Nugent Dr
Columbus, OH 43220-3049


Ladaisha McGrew
3689 Beacontree Dr
Columbus, OH 43224-2502

Laura Allison
1340 Great Hunter Ct
Grove City, OH 43123-8501

Lehr Awning
933 W. Longview Avenue
Mansfield, OH 44906-2133


Linda Scowden
3079 Acorn Ct.
Grove City, OH 43123-3207

(p)PAYPAL
3505 SILVERSIDE RD
STE 200
WILMINGTON DE 19810-4905

Lucy Gaston
719 Savannah Dr
Columbus, OH 43228-2939


Luke's Automotive
48180 Reed Road
Columbus, OH 43220

Luke's Automotive
5393 Sinclair Rd.
Columbus, OH 43229-5001

M1 Sports LLC
C/O Christopher Allison
868 Freeway Dr. N.
Columbus, OH 43229-5420

MRS BPO, LLC
1930 Olney Ave
Cherry Hill, NJ 08003-2016

Mark Clemente Co.
Attn. Jean Ferrell
942-A Freeway Drive N
Columbus, OH 43229-5425

Mary Lodge
936 Thomas Rd
Columbus, OH 43212-3717


Mary Moore
6084 Delcastle Dr
Westerville, OH 43081-8078

Matthew Mullins
2996 Goodenway
Columbus, OH 43204-2199

Michele Hubbard
4161 Stockade Pl
Columbus, OH 43230-1555


Michelle East
480 Fox Trail Circle West
Westerville, OH 43081-2853

Midas Fleet Center
PO Box 620130
Middleton, WI 53562-0130

Mitchell Berger
741 Andover Rd
Mansfield, OH 44907-1510


Nadir Perry
1121 Lawrence Dr
Columbus, OH 43207-2138

Noel Priester
1285 N 6th St
Columbus, OH 43201-2821

ODK Capital LLC
4700 W. Daybreak Parkway
Floor 2
South Jordan, UT 84009-5130


ODK Capital, LLC
4700 W Daybreak Pkwy., Ste 200
South Jordan, UT 84009-5133

Ohio Department of Commerce
77 S. High St.
Suite 23
Columbus, OH 43215-6199

Ohio Edison
P.O. Box 371422
Pittsburgh, PA 15250-7422


OnDeck
4700 W. Daybreak Parkway
Floor 2
South Jordan, UT 84009-5130

Patricia Henson
4161 Stockade Pl
Columbus, OH 43230-1555

Patrick Green
810 Older Settler Place
Columbus, OH 43214-2976


Pawnee Leasing Corporation
965 Keynote Circle
Independence, OH 44131-1829

Peggy Maitland
5644 Shannon Heights Blvd
Dublin, OH 43016-4187

Premium Merchant Funding
55 Water Street
New York, NJ 10041-3203


Quaran Gibbs
1481 Maxview Pl
Columbus, OH 43232-6424

Richland County Treasurer
50 Park Ave. E.
Suite 2
Mansfield, OH 44902-1895

Rita Amstutz
719 Savannah Dr
Columbus, OH 43228-2939


Robert Brofford
5814 Meadowhurst Way
Dublin, OH 43017-1841

Robert Parker
993 Bernhard Rd
Columbus, OH 43227-1229

Roy J. Schechter Esq.
Weltman Weinberg & Reis
965 Keynote Circle
Independence, OH 44131-1829


SCHMIDT SECURITY PRO
241 MANSFIELD INDUSTRIAL PKWY
MANSFIELD, OH 44903-8800

Sarah Justice
961 Cummington Rd
Columbus, OH 43213-3344

Schindler Elevator Corporation
P.O. Box 93050
Chicago, IL 60673-3050

Scott Horstmeier
379 E North St
Worthington, OH 43085-3255

Shanta Graves
800 Cross Pointe Rd
Ste 0
Columbus, OH 43230-6687

Shonta Hall
2908 Abbott's Cove Blvd
Columbus, OH 43204-4306


Silverline Lending
39500 Orchard Hill Pl
Suite 155
Novi, MI 48375-5540

Silverline Services, Inc.
c/o Zachter PLLC
2 University Plaza, Suite 205
Hackensack, NJ 07601-6211

Susan Stephenson
2117 Astor Ave
Columbus, OH 43209-3933


Syrina Kay
260 S 21st Street
Columbus, OH 43205-1827

Tarik Hayes
1501 Mount Vernon Ave
Columbus, OH 43203-1617

Telisa Jarrell
4624 Belvedere Park
Columbus, OH 43228-6364


Tiltons Automotive Service
6661 Huntley Road
Columbus, OH 43229-1013

Timothy Azbell
1637 Safford Ave
Columbus, OH 43223-1817

Tomika Scott
2509 Victoria Hills Dr
Columbus, OH 43219-3878


Tonya Spaulding
2525 Brendel Dr
Apt 215
Columbus, OH 43235-8008

Tracie White
37 Brickman Ave
Mansfield, OH 44906-2605

Transworld Systems Inc.
PO Box 5130
Wilmington, DE 19808


Trenet
4161 Stockade Pl
Columbus, OH 43230-1555

US Small Business Administration
2 North Street
Suite 320
Birmingham, AL 35203

US Small Business Administration
401 N. Front St
Suite 200
Columbus, OH 43215-2240


United States Attorney General
US Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530-0009

Victoria Fulton
274 Greendale Ave
Mansfield, OH 44902-7725

Vincent Priddy
3762 Waderidge Trl
Columbus, OH 43215


W. William Schmidt & Associates Inc.
241 Mansfield Industrial Pkwy
Mansfield, OH 44903-8800

Wesley Jude
10 Bernard Ave
Delaware, OH 43015-2602

William Miner
227 N 21st Street
Columbus, OH 43203-1551


Willie Mae Green
2239 Graydon Blvd
Columbus, OH 43220

Worldpac Inc.
PO Box 419250
Boston, MA 02241-9250

Xavier Trent
1192 E 24th Ave
Columbus, OH 43211-2538


Zachter PLLC
2 University Plaza
Suite 205
Hackensack, NJ 07601-6211

Zachter PLLC
20 Wall St.
8th Floor
New York, NY 10005

Alexander Miller
636 Burns Street
Mansfield, OH 44903-1010

David M. Whittaker
Isaac Wiles
Two Miranova Place
Suite 700
Columbus, OH 43215-5098

M. Colette Gibbons
M. Colette Gibbons, Attorney at Law
28841 Weybridge Dr.
Westlake, OH 44145-6740

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Columbia Gas
PO Box 4629
Carol Stream, IL 60197

Internal Revenue Service
ACS Support - Stop 813G
PO Box 145566
Cincinnati, OH 45250-5566

Loan Builder
3505 Silverside Rd
Wilmington, DE 1981009/19/2022

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Geneva Capital, LLC
1311 Broadway St.
Alexandria, MN 56308-2533

(d)Laura Allison
1340 Great Hunter Ct.
Grove City, OH 43123-8501

(u)Shawn Pryor
89 Eastpointe Ridge Dr
Apt 114

(d)Syrina Kay
260 S 21st Street
Columbus, OH 43205-1827

End of Label Matrix
Mailable recipients   151
Bypassed recipients     4
Total               155

**EXHIBIT A TO OPEN ARMS HEALTH SYSTEMS APPLICATION FOR AUTORITY TO EMPLOY ISAAC WILES & BURKHOLDER AS COUNSEL**

**PROPOSED EMPLOYMENT ORDER**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN  DIVISION**

In the Matter of:                            Case No. 24-54305


Open Arms Health Systems LLC          Chapter 11
                                         Subchapter V

            Debtor                       Judge Mina Nami Khorrami


**ORDER AUTHORIZING OPEN ARMS HEALTH SYSTEMS LLC TO RETAIN AND EMPLOY ISAAC WILES & BURKHOLDER, LLC AS COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE DATE OF THE FILING OF THE DEBTOR'S CASE**

**(Related to Doc. No. ___)**

This matter came before the Court upon the application ("Application" Doc.

No.___) by Oen Arms Health Systems LLC ("Debtor") pursuant 11 U.S.C. §§ 105 and

327, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1 for

an order authorizing the retention and employment of Isaac Wiles & Burkholder LLC

("IW") as counsel for the Debtor and Debtor in Possession in this Chapter 11 case

("Debtor's Case") effective as of the date of the filing of the Debtor's Case.

A.      The Court finds that a copy of the Application was served upon all necessary parties in the Debtor's Case on December 13, 2024, and that no objections have been filed in response to the Application.

B.      The Court further finds that notice of the Application was proper and sufficient.

C.      The Court further finds that the Application and the Declaration of David M. Whittaker ("Whittaker Declaration") attached to the Application have made the disclosures and representations required by Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1.

Based upon the foregoing findings, the Court Orders as follows:

1.      The Court authorizes the Debtor pursuant to Section 327(a) of the Bankruptcy Code to employ and retain IW  as counsel for the Debtor and Debtor in Possession effective as of the date of the filing of the Debtor's Case pursuant to the terms and conditions provided in the Application and the Whittaker Declaration to perform the legal services that will be necessary during the Debtor's Case. .

2.      The professional services that IW will provide for the Debtor will include, but shall not be limited to, the following:

  a.   advising the Debtor with respect to its rights, powers, and duties as debtor in possession;

  b.  advising and assisting the Debtor in preparing all necessary applications, motions, answers, orders, reports, schedules, and other legal documents required in connection with the administration of the Debtor's Case;

2

c.  attending meetings and negotiating with representatives of creditors and other parties in interest;

d.  taking all necessary action to protect and preserve Debtor's bankruptcy estate, including, without limitation, prosecuting any actions on Debtor's behalf and defending any actions commenced against Debtor;

e.  advising the Debtor concerning, and assisting in the negotiation and documentation of, the refinancing or sale of assets; debt and lease restructuring; executory contract and unexpired lease assumptions or rejections; and related transactions;

f.  counseling and representing the Debtor regarding actions it might take to collect and recover property for the benefit of the bankruptcy estate;

g.  reviewing the nature and validity of liens asserted against the Debtor's property and advising the Debtor concerning the enforceability of such liens;

h.  assisting the Debtor in formulating, negotiating, and obtaining confirmation of a plan of reorganization and preparing related documents, including a disclosure statement, if necessary; and

i.  performing other legal services for and on behalf of the Debtor as may be necessary or appropriate.

3.  Subject to Court approval under §330(a) of the Bankruptcy Code, compensation will be payable to IW on an hourly basis as provided in the Application, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

4.  IW shall file interim and final applications for the allowance and payment of fees and expenses in compliance with the provisions of the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules, and any Orders entered by the Court in the

Debtor's Case.

IT IS SO ORDERED.

Copies to:

Default List

**EXHIBIT B TO OPEN ARMS HEALTH SYSTEMS APPLICATION FOR AUTORITY TO EMPLOY ISAAC WILES & BURKHOLDER AS COUNSEL**

**WHITTAKER DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN  DIVISION**

In the Matter of:                                  Case No. 24-53640

Open Arms Health Systems LLC          Chapter 11
                                                        Subchapter V

                        Debtor                    Judge Mina Nami Khorrami

**<u>DECLARATION OF DAVID M. WHITTAKER IN SUPPORT OF
APPLICATION BY OPEN ARMS HEALTH SYSTEMS LLC FOR AUTHORITY TO
EMPLOY ISAAC WILES & BURKHOLDER, LLC AS COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION EFFECTIVE AS OF THE DATE OF THE FILING OF THE
DEBTORS' CASE</u>**

Pursuant to 28 U.S.C. § 1746, I, David M. Whittaker, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.        I am a partner in the law firm of Isaac Wiles & Burkholder, LLC ("IW"), which has an office at Two Miranova Place, Suite 700, Columbus OH 43215. I am a member in good standing of the Bar of the State of Ohio. I am also a member in good standing of the United States District Court for the Southern District of Ohio. I am also the Trustee in the Debtor's Case.

2.        I submit this declaration ("Declaration") in support of the Application by Open Arms Health Systems LLC ("Debtor") for Entry of an Order Authorizing the

1

Employment of Isaac Wiles & Burkholder LLC as Counsel for the Debtor and Debtors in Possession in its Chapter 11 case ("Debtor's Case") effective as of the date of filing of the Debtor's Case ("Application").[1]  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## SERVICES TO BE PROVIDED

3.     IW will provide professional services for the Debtor as necessary in the Debtor's Case including the following:

a) advising the Debtor with respect to its rights, powers, and duties as debtor in possession;

b) advising and assisting the Debtor in preparing all necessary applications, motions, answers, orders, reports, schedules, and other legal documents required in connection with the administration of the Debtor's Case;

c)  attending meetings and negotiating with representatives of creditors and other parties in interest;

d)  taking all necessary action to protect and preserve Debtor's bankruptcy estate, including, without limitation, prosecuting any actions on Debtor's behalf and defending any actions commenced against Debtor;

e)  advising the Debtor concerning, and assisting in the negotiation and documentation of, the refinancing or sale of assets; debt and lease restructuring; executory contract and unexpired lease assumptions or rejections; and related transactions;

f)  counseling and representing the Debtor regarding actions it might take to collect and recover property for the benefit of the bankruptcy estate;

---

[1]    Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

g)  reviewing the nature and validity of liens asserted against the Debtor's property and advising the Debtor concerning the enforceability of such liens;

h)  assisting the Debtor in formulating, negotiating, and obtaining confirmation of a plan of reorganization and preparing related documents, including a disclosure statement, if necessary; and

i)  performing other legal services for and on behalf of the Debtor as may be necessary or appropriate.

## PROFESSIONAL COMPENSATION

4.      The names, positions, and applicable hourly rates of the IW attorneys currently expected to have primary responsibility for providing services to the Trustee are as follows:

| IW Attorney/Legal Assistant | Standard Hourly Rate | Proposed Hourly Rate |
| --- | --- | --- |
| David Whittaker, Partner | $360-$500 | $360 |
| Other Attorneys | Various | No more than $360 |
| Legal Assistant | $75 | $50 |

5.      IW is voluntarily discounting its hourly rates. In addition, any travel time outside of Columbus will be billed at one-half of the Proposed Hourly Rates.

6.      IW further requests that IW be reimbursed for its necessary expenses incurred in conjunction with the representation of Debtors at actual cost, except that copying charges will be at the rate of 15 cents per page and mileage will be reimbursed at the applicable IRS rate.

7.      IW received the following payments from or relating to Debtors or the Debtors' Case within the period of one year prior to the Petition Date.

| Amount | Date | Payor | Disposition of Funds |
|---|---|---|---|
| $8,000.00 | 10/16/24 | Christopher Allison | Deposited in IW Trust Account |
| $3,738.00 | 10/21/2024 | Debtor | Deposited in IW Trust Account |

8.    IW invoiced and paid from its Trust Account   the sum of $6,738.00 on October 25, 2024, prior to the filing of the Debtor's Case. The invoice was for $5,000.00 in attorney fees and for the $1,738.00 filling fee for the Debtor's Case. IW is holding the sum of $5,000.00 in its Trust Account.

9.    IW understands that IW's compensation and reimbursement of expenses in the Debtors' Case are subject to Court approval in accordance with 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016.   IW may request that the Court approve procedures for interim payments on a monthly basis.

## DISINTERESTEDNESS

10.    In connection with its proposed retention by the Debtor in the Debtor's Case, IW undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors, creditors, or other parties in interest.

11.    Based on the conflicts review conducted to date, to the best of my knowledge and insofar as I have been able to ascertain, other than disclosed in the Application and in this Declaration, IW (a) has no connection with the Debtor, the Debtor's creditors, any equity holder of the Debtor any other party in interest, the attorneys or accountants, financial advisors or other professionals of any of the foregoing, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee in this District, except that David Whittaker is a member of IW and has been a member of the Chapter 7 Trustee panel in this District since May 1983; (b) is not, and was not within 2 years before the

4

Petition Date, a director, officer, or employee of the Debtor; and (c) does not hold any interest adverse to the Debtor's bankruptcy estate.

12.     Further, no partner, associate, or employee of IW is related to or connected with any judge of this Court, any judge of the United States District Court for the Southern District of Ohio, such that the Trustee's employment of IW would be improper under Bankruptcy Rule 5002.

13.     I believe that IW is a "disinterested person," as such term is defined by section 101(14) of the Bankruptcy Code.

14.     Throughout the  Debtor's Case, IW will continue to review its files, including any new clients or relationships, to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, IW will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a) and Local Rule 2014-1.

15.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Dated: December 13, 2024                    Respectfully submitted,

                                            /s/ David M. Whittaker
                                            David M. Whittaker Esq.
                                            Partner
                                            Isaac Wiles & Burkholder LLC