**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 24-54305 |
| | : | |
| Open Arms Health Systems LLC | : | Chapter 11 |
| | : | Subchapter V |
| Debtor. | : | |
| | : | Judge Mina Nami Khorrami |

## DEBTOR'S APPLICATION TO EMPLOY ALLEN STOVALL NEUMAN & ASHTON LLP AS SUBSTITUTE COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION

Open Arms Health Systems LLC (the "Debtor"), as debtor and debtor in possession in this Chapter 11 case (the "Case"), pursuant to 11 U.S.C. §§ 105 and 327, Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1, applies to the Court (this "Application") for an order authorizing, as of March 3, 2025[1], the employment of Allen Stovall Neuman & Ashton LLP ("ASNA" or the "Firm") as substitute counsel for the Debtor in this Case.

In support of this Application, the Debtor (i) submits the Affidavit of Richard K. Stovall, Esq., which is attached to this Application as <u>Exhibit A</u> and incorporated herein by reference (the "Stovall Affidavit"); and (ii) makes the following statements and representations:

**I.    JURISDICTION AND BACKGROUND INFORMATION**

1.    This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this District. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    The Debtor filed the Case on October 25, 2024 (the "Petition Date").

3.    On January 22, 2025, the Court entered its Order Authorizing the Employment of

---

[1] The Debtor seeks ASNA's employment to be effective as of March 3, 2025, the same date Mr. Whittaker's affiliation with ASNA became effective.

1

Isaac Wiles & Burkholder, LLC[2] as Counsel for the Debtor (Doc. 64).

4. Debtor filed its Chapter 11 Small Business Subchapter V Plan on January 23, 2025 (the "Plan") (Doc. 65). A telephonic status hearing was held on the Plan on April 8, 2025, after which the Court established a deadline for the Debtor to file an amended plan by May 12, 2025.

5. The undersigned counsel, David M. Whittaker ("Mr. Whittaker"), is no longer affiliated with the law firm of Isaac Wiles Burkholder & Miller, LLC. As of March 3, 2025, Mr. Whittaker became affiliated with ASNA in an "of counsel" capacity. At all relevant times since the Petition Date, Mr. Whittaker has served (and will continue to serve) as the Debtor's primary bankruptcy counsel.

6. Because of Mr. Whittaker's change of firms, the Debtor is now making this Application for the purpose of retaining ASNA as substitute counsel for the continuing representation of the Debtor in this Case.

## II. STANDARD FOR RETENTION

7. A debtor in possession, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's [or debtor in possession's] duties under this title.

11 U.S.C. § 327(a).

8. Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1 set forth the requirements for an application seeking authority to employ a professional under 11 U.S.C. § 327(a). In any such application, the applicant must:

a. show that the employment is necessary and describe the reasons for selecting the

---

[2] Effective February 18, 2025, the name of the firm was amended to become Isaac Wiles Burkholder & Miller, LLC.

      professional, Fed. R. Bankr. P. 2014(a);

b. describe the professional services to be rendered, *id.*;

c. describe the proposed arrangement for compensation of the professional, *id.*;

d. disclose any connections of the professional to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, *id.*;

e. disclose the professional's customary and proposed hourly rates, LBR 2014-1(b)(1);

f. disclose the amount, date paid, and source of any fees paid to the professional from a period of one (1) year prior to the filing of the petition through the time of the application, LBR 2014-1(b)(2);

g. disclose the amount, date paid, and source of any retainer sought or received by the professional within such period, LBR 2014-1(b)(3).

9. In addition to the above, the application must also be accompanied by an affidavit or verified statement of the person to be employed:

a. setting forth the professional's connections with the debtor, the trustee, any creditors, any equity security holder of the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee, Fed. R. Bankr. P. 2014; LBR 2014-1(c)(1);

b. establishing the lack of any adverse interest to the estate, LBR 2014-1(c)(2); and

c. establishing that the proposed employment is not prohibited by or improper under Federal Rule of Bankruptcy Procedure 5002, LBR 2014-1(c)(3).

### III. RETENTION AND EMPLOYMENT OF ASNA

10. Pursuant to 11 U.S.C. § 327(a), the Debtor requests entry of an order authorizing it to employ and retain ASNA, as of March 3, 2025, to serve as its bankruptcy counsel in all remaining phases of this Case.

11. Mr. Whittaker has been and will continue to be the ASNA attorney responsible for the representation of the Debtor in this Case. Mr. Whittaker is "of counsel" at ASNA and has more than 45 years of experience in handling bankruptcy matters both for debtors and creditors,

including the representation of debtors in Chapter 11 proceedings.

12. Other attorneys with ASNA, including Thomas R. Allen, Richard K. Stovall, Jim Coutinho, and Andrew D. Rebholz, may appear and provide professional services herein on behalf of the Debtor. These attorneys are well experienced in reorganization proceedings under the Bankruptcy Code.

13. Based on ASNA's depth of knowledge and experience in bankruptcy cases and small business reorganizations, the Debtor believes that ASNA is well qualified to serve as its counsel and that retention of ASNA is in the best interests of the Debtor and its bankruptcy estate. ASNA has indicated a willingness to act as attorneys on the Debtor's behalf.

14. The professional services to be rendered by ASNA include the following:

   a. advising the Debtor with respect to its rights, powers, and duties as debtor in possession and as under any confirmed plan in this Case;

   b. advising and assisting the Debtor in preparing all necessary applications, motions, answers, orders, reports, schedules and other legal documents required in connection with the continuing administration of this Case;

   c. attending meetings and negotiating with representatives of creditors and other parties in interest;

   d. taking all necessary actions to continue to protect and preserve the Debtor's bankruptcy estate, including, without limitation, prosecuting any actions on the Debtor's behalf and defending any actions commenced against the Debtor;

   e. advising the Debtor concerning, and assisting in the negotiation and documentation of, the refinancing or sale of assets, debt and lease restructuring, executory contract and unexpired lease assumptions or rejections, and related transactions;

   f. assisting the Debtor in formulating, negotiating, and obtaining confirmation of a plan of reorganization and preparing other related documents;

   g. counseling and representing the Debtor regarding actions it might take to collect and recover property for the benefit of its estate; and

   h. performing other legal services for and on behalf of the Debtor as may be necessary or appropriate.

15. It is necessary and essential that the Debtor, as debtor in possession, employ and

4

retain ASNA to provide the foregoing professional services.

16. All attorneys who will appear in this case are duly admitted in the United States District Court and Bankruptcy Court for the Southern District of Ohio and are willing and able to serve as counsel for the Debtor.

17. ASNA will charge the Debtor for its services on an hourly basis. ASNA has informed the Debtor that it will charge a discounted composite hourly rate that is collectively lower than the rates that would be charged if all ASNA attorneys billed at their ordinary and customary hourly rates.

The proposed rates of compensation are as follows:

| ASNA Attorney | Standard Hourly Rate | Proposed Hourly Rate |
| --- | --- | --- |
| Thomas R. Allen, Partner | $525 | $380 |
| Richard K. Stovall, Partner | $490 | $380 |
| Jim Coutinho, Partner | $410 | $380 |
| David Whittaker, Of Counsel | $400 | $380 |
| Andrew D. Rebholz, Associate | $275 | $275 |
| Other Attorneys | Various | Up to $275 |
| Lindsey Corl (Legal Assistant) | $100 | $75 |
| Hannah Kittle (Legal Assistant) | $185 | $75 |

In addition, any travel time outside of Columbus, Ohio, will be billed at one-half of the Proposed Hourly Rates.

18. The Debtor further requests that ASNA be reimbursed for its necessary expenses incurred in conjunction with the representation of the Debtor at actual cost, except that copying charges will be at the rate of 20 cents per page and mileage will be reimbursed at the applicable IRS rate.

19. ASNA has not been paid, or otherwise received, any funds from or on behalf of the Debtor.

20. The Debtor and ASNA understand that ASNA's compensation and reimbursement

5

of expenses are subject to Court approval in accordance with 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016. The Debtor further understands and agrees that ASNA may file interim applications for the allowance and payment of fees and expenses in compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any orders of this Court.

21. The Debtor submits that, to the best of its knowledge, ASNA does not hold or represent any interest adverse to the estate as required by 11 U.S.C. § 327(a); that ASNA is a "disinterested person" as defined in 11 U.S.C. § 101(14); that ASNA is neither related to nor connected with a judge of the U.S. Bankruptcy Court for the Southern District of Ohio or for the U.S. District Court for the Southern District of Ohio; and that ASNA is not affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

22. The employment of ASNA is proper under, and satisfies the provisions of, Federal Rule of Bankruptcy Procedure 5002.

23. Other than as set forth herein or in the Stovall Affidavit, to the best of the Debtor's knowledge, ASNA has no connection, past or present, with the Debtor, any of the Debtor's creditors, the Chapter 11 Trustee, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except that attorneys David Whittaker and Jim Coutinho are members of the independent panel of Chapter 7 Trustees appointed and overseen by the United States Trustee, and that Mr. Coutinho serves as a Chapter 11 Sub V Trustee, also appointed and overseen by the United States Trustee.

## IV.  CONCLUSION

For the foregoing reasons, the Debtor submits that the employment of ASNA as substitute counsel for the Debtor is appropriate under 11 U.S.C. § 327, Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy 2014-1. The Debtor therefore respectfully requests that the Court enter an order (1) authorizing the Debtor to employ and retain ASNA as counsel for the Debtor, effective as of March 3, 2025; and (2) granting such further relief as is just and proper.

Respectfully submitted,

Open Arms Health Systems LLC

By:  /s/ Christopher Allison
　　　Christopher Allison CEO

Dated:  5/14/25

PREPARED BY:

/s/ David M Whittaker
David M. Whittaker   (0019307)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, OH 43215
PH: (614) 221-8500 / FAX: (614) 221-5988
Email: whittaker@asnalaw.com
*Counsel for Debtor/Debtor in Possession*

7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 24-54305 |
| | : | |
| Open Arms Health Systems LLC | : | Chapter 11 |
| | : | Subchapter V |
| Debtor. | : | |
| | : | Judge Mina Nami Khorrami |

**AFFIDAVIT OF RICHARD K. STOVALL IN SUPPORT OF
DEBTOR'S APPLICATION TO EMPLOY ALLEN STOVALL NEUMAN & ASHTON
LLP AS SUBSTITUTE COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION**

STATE OF OHIO          }
COUNTY OF FRANKLIN  } SS:

I, Richard K. Stovall, being first duly sworn, state:

1. I make this affidavit in support of the *Debtor's Application to Employ Allen Stovall Neuman & Ashton LLP as Substitute Counsel for Debtor and Debtor in Possession* (the "Application").

2. I am a partner at the law firm of Allen Stovall Neuman & Ashton LLP ("ASNA"), the law firm named in the Application. I am authorized to make this affidavit on behalf of ASNA, I have personal knowledge of the matters set forth herein.

3. Open Arms Health Systems LLC ("Debtor"), desires to engage ASNA as its substitute bankruptcy counsel to represent them in these proceedings pursuant to 11 U.S.C. § 327(a).

4. I am an attorney licensed and in good standing to practice in the State of Ohio, and I am admitted to practice in the United States Bankruptcy Court for the Southern District of Ohio. All attorneys at ASNA are in good standing with the appropriate court admissions.

5. The representations in the Application are true to the best of my knowledge.

6. In connection with its proposed retention by the Debtor in this case, ASNA researched its client and conflict database to determine whether it had any relationships with the Debtor, its unsecured creditors, members, affiliates, and lien claimants. The research conducted by ASNA indicates that it has not represented, and does not represent, any of those parties other than as set forth in paragraph 7 hereof.

7. Neither I nor ASNA have any past or present relationship to, or connections with, the Debtor, any members or affiliates of the Debtor, any creditors of, or other parties in interest to, the Debtor or their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee, other than: (i) ASNA has previously represented BCAS, LLC dba Tilton's Automotive Service ("Tilton's"), from time to time, and on matters wholly unrelated to Debtor[1]; (ii) James A. Coutinho, a partner in ASNA, and David M. Whittaker, who is "of counsel" to ASNA, are both members of the independent panel of chapter 7 trustees appointed and overseen by the United States Trustee for the Southern District of Ohio; and that (iii) Mr. Coutinho is a subchapter V trustee which is also appointed and overseen by the United States Trustee for the Southern District of Ohio.[2]

8. ASNA and I are disinterested persons as required by 11 U.S.C. § 327 and as defined in 11 U.S.C. § 101(14). None of the attorneys at ASNA are either related to or connected with a judge of the Bankruptcy Court for the Southern District of Ohio or the District Court for the

---

[1] Tilton's is scheduled as an unsecured creditor of the Debtor holding an undisputed, non-contingent, and liquidated claim in the amount of $1,500. *See* Schedule E/F, ¶ 3.38. (Doc. 1). ASNA has not advised Tilton's on any matters associated with the Debtor or its chapter 11 case, and Tilton's has advised ASNA that it has no opposition to ASNA representing the Debtor as substitute counsel in this case.

[2] Mr. Coutinho is not the subchapter V trustee appointed in this case.

Southern District of Ohio. ASNA is not affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

9. The employment of ASNA and its professionals is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure.

10. No understanding or agreement exists for a division of fees or compensation to be paid to ASNA in this case, except for such division of compensation as exists among the partners and attorneys of ASNA.

11. I declare under penalty of perjury that the foregoing is true and correct.

_____
Richard K. Stovall    (0029978)

Sworn to before me and subscribed in my presence on May 14, 2025.

_____
Notary Public

Hannah B. Kittle
Notary Public, State of Ohio
My Commission Expires 9-15-2027

3